

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

Signed February 04, 2013

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| AMERICAN HOUSING FOUNDATION, | § § § | Case No. 09-20232-RLJ-11 |
| Debtor. | § | |
| WALTER O'CHESKEY, Trustee, | § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 12-02025 |
| STERQUELL PSF SETTLEMENT, L.L.C., | § § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Defendant, Sterquell PSF Settlement, L.L.C. ("PSF"), has moved to dismiss this suit for lack of subject matter jurisdiction. Plaintiff, Walter O'Cheskey, the chapter 11 trustee for American Housing Foundation, Inc. [Case No. 09-20232-11] ("AHF") and the trustee of the AHF Liquidating Trust (the "Trustee"), has responded, contending that the action here is a "core"

proceeding or, alternatively, a "related-to" proceeding and thus within the Court's subject matter jurisdiction. The Trustee further submits that apart from the core or related-to bases for jurisdiction, this action is within the *District Court's* jurisdiction as the dispute concerns estate property.[1]

By this action, each of the parties dispute the other's right to share in the equity attributable to the entity Margaux City Lights Partners, Ltd. ("Margaux City"). Margaux City owns 6.5 acres near downtown Dallas; there are 19 commercial lots on the 6.5 acres. Margaux City is presently in a chapter 11 bankruptcy proceeding before a sister court in Dallas [Case No. 12-35828-bjh-11]. This Court is advised that the commercial properties are subject of a potential sale in the approximate amount of $15.3 million. The properties are encumbered, but the sale should result in a recovery for the Margaux City estate and, presumably, to its equity holders. This expected equity value is what the parties are fighting over.

The Trustee contends that the AHF Liquidating Trust, as successor to the rights of AHF, has a limited partnership interest in Margaux City from a $500,000 equity contribution made by AHF to Margaux City. PSF submits that it holds a 100% interest in Margaux City from a transfer of such interest to it from the so-called "Sterquell Entities." In response to this claim, the Trustee asserts in the alternative that if AHF's interest in Margaux City was transferred to the "Sterquell Entities," such transfer was made fraudulently and is subject to avoidance as a fraudulent transfer

---

[1]The Court notes that disputes concerning a bankruptcy court's *jurisdiction* are often mislabeled. The jurisdiction of all bankruptcy-related matters—cases or proceedings—is with the district courts. 28 U.S.C. § 1334. Upon referral of cases and proceedings, bankruptcy courts have authority to *hear and decide* cases and certain proceedings and to *hear and propose* findings and conclusions in other proceedings. *See In re Am. Hous. Found.*, 469 B.R. 257, 272–73 (Bankr. N.D. Tex. 2012).

under §§ 548 and 550 of the Bankruptcy Code and §§ 24.005(a)(2) and 24.006 of the Texas Uniform Fraudulent Transfer Act ("TUFTA").

The Trustee's causes of action here are premised upon the asserted fact that AHF had a 3.75% equity interest in Margaux City as a result of a $500,000 capital contribution. The threshold question, then, is whether there was an effective transfer of *AHF*'s *alleged interest* in Margaux City that resulted in the Sterquell Entities holding such interest. On this point, the Trustee contends that under the facts and under state law there was *never* an effective transfer.

The Trustee next contends that if AHF's interest *was* transferred, such transfer was done fraudulently. As stated, this alternative argument is based on both federal law, §§ 548 and 550 of the Code, and state law, §§ 24.005(a)(2) and 24.006 of TUFTA. The Court refers to its discussion of the Court's jurisdiction set forth in Adversary Nos. 12-02016 and 12-02026 [Memorandum Opinion and Order, Docket No. 31, Adversary No. 12-02016; Docket No. 17, Adversary No. 12-02026]. The Court has *related-to* jurisdiction concerning the threshold question of whether AHF conveyed its interest or not. The issue of whether the conveyance of AHF's interest constitutes a fraudulent conveyance falls within the Court's core jurisdiction under 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(2)(H).

Finally, the Court notes that PSF has requested a jury trial in this case. Whether it is entitled to a jury trial or not impacts whether this action is tried before this Court (the bankruptcy court) or the District Court. The Court will set a status hearing on PSF's request for a jury trial. It is, therefore,

ORDERED that PSF's motion seeking dismissal is hereby denied; it is further

ORDERED that hearing on the request for a jury trial to address whether PSF is entitled to a jury trial is set on the Court's video docket of March 7, 2013, at 1:30 P.M., in Room 100, 624 South Polk, Amarillo, Texas.

### End of Memorandum Opinion and Order ###